IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADAM N. BOROWIEC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEUTSCHE BANK NATIONAL ) <br> TRUST COMPANY; AMERICAN ) <br> HOME MORTGAGE SERVICING ) <br> INC; JOHN DOES 1–10; JANE ) <br> DOES 1–10; DOE PARTNERSHIPS ) <br> 1–10; DOE CORPORATIONS 1–10, ) <br> AND DOE ENTITIES 1–10, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 11-00094 DAE-KSC |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (3) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

On July 15, 2011, the Court heard Defendants Deutsche Bank National Trust Company ("Deutsche") and American Home Mortgage Servicing, Inc. ("AHMS")'s Motion to Dismiss. (Doc. # 10.) Stuart N. Ragan, Esq., Plaintiff's attorney, failed to appear at the hearing on behalf of Plaintiff[1]; Robert

---

[1] The Court notes that Mr. Ragan's request to appear by telephone at the hearing was denied. Mr. Ragan did not appear at the hearing, despite the Court denying his request, nor did he send other counsel to represent his client on his behalf.

Martin, Esq., appeared at the hearing on behalf of Deutsche and AHMS. After reviewing the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 10), DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint, and GRANTS Plaintiff leave to amend the Complaint.

BACKGROUND

On February 9, 2011, Plaintiff Adam N. Borowiec ("Plaintiff") filed a Complaint against Defendants Deutsche, AHMS, John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe Entities 1–10 (collectively, "Defendants") asserting claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Uniform Commercial Code, and state law. ("Compl.," Doc # 1.)

As alleged in the Complaint, Plaintiff signed a mortgage agreement and note on or about November 28, 2005[2], with Argent Mortgage Company, LLC. (Compl. ¶ 20.) Plaintiff states that Deutsche became the new lender of his mortgage sometime between November 28, 2005 and November 11, 2010. (Id. ¶ 21.)

---

[2] Plaintiff's Complaint also refers to "the 2006 mortgage." (Compl. ¶ 6.) Because no other mortgage is mentioned , the Court construes "the 2006 mortgage" as referring to the mortgage and note signed on November 28, 2005.

2

Plaintiff alleges that Defendants Deutsch and AHMS "would preempt Plaintiff's right to buy insurance for the said property by setting up an escrow account and charging far in excess over the market value for insurance." (Id. ¶ 13.) The Complaint further alleges that Defendant Deutsche violated Regulation Z Section 131(g) of TILA by not providing Plaintiff with notice that Deutsche was the new lender of the note, and that Deutsche also violated Article 3 of the Uniform Commercial Code. (Id. ¶¶ 21–25.) Finally, Plaintiff contends that Defendants Deutsche and AHMS "failed to uphold their contractual obligations." (Id. ¶ 27.)

On April 1, 2011, Defendants filed a Motion to Dismiss ("Motion"). (Mot., Doc. # 10.) On June 24, 2011, Plaintiff filed a Memorandum in Opposition regarding Defendants Motion ("Opposition"). (Opp'n, Doc. # 25.) On July 1, 2011, Defendants filed a Reply in support of their Motion. (Reply, Doc. # 26.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

4

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

## DISCUSSION

To determine whether a complaint states a claim, the Court must first disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and then second, "identify 'well-pleaded factual allegations,' which we assume to be true, 'and then determine whether they plausibly give rise to an entitlement of relief.'"  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949–50).  The

instant Complaint, however, includes only legal conclusions and threadbare recitals of the elements of the causes of action: that Defendants charged plaintiffs unconscionable rates, violated Regulation Z Section 131(g) of TILA, violated Article 3 of the Uniform Commercial Code, and failed to uphold their contractual obligations.  The Complaint entirely lacks specific allegations providing the basis of these legal conclusions or giving Defendants fair notice of the wrongs they have allegedly committed.  Indeed, nothing in Plaintiff's Complaint shows that these claims are "plausible on [their] face."  See Iqbal, 129 S. Ct. at 1949 (citation and quotations omitted).  Once the Court disregards the conclusions and threadbare recitals in the Complaint, no allegations remain that would support any claims against Defendants. As such, the Complaint is wholly deficient in carrying Plaintiff's pleading obligations under Federal Rules of Civil Procedure 8 and 12(b)(6).

For example, in Count I of the Complaint, Plaintiff contends that Defendants "would preempt Plaintiff's right to buy insurance for the said property by setting up an escrow account and charged far in excess over the market value for insurance." (Compl. ¶ 13.)  Plaintiff further alleges that Defendants purchased insurance for the Subject Property, preempting Plaintiff's ability to purchase insurance at a lower rate.  (Id. ¶ 16.)  Plaintiff argues that such action on the part of

Defendants is unconscionable. According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where, "the <u>clauses</u> are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiff's allegations fail to address any contract terms between Plaintiff and Defendants, and instead, address Defendants' alleged conduct generally. These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made. For this reason, Plaintiff's contentions in Count I fail to state a claim for unconscionability.

In Count II, Plaintiff alleges that he was never provided notification that Deutsche was his new lender, in violation of Regulation Z Section 131(g) of TILA and Article 3 of the Uniform Commercial Code ("UCC"). (Compl ¶ 24–25.) Regulation Z Section 131(g) of TILA is codified as 15 U.S.C. § 1641(g), and states that if a "mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within thirty days. 15 U.S.C. § 1641(g). Failure to comply with this notification provision can result in civil liability. <u>Id.</u> § 1640(a).

In determining the requirements of Section 1641(g), the Court must first consider the plain meaning of the statute's text. United States v. Nader, 542 F.3d 713, 717 (9th Cir. 2008) (citing Jonah R. v. Carmona, 446 F.3d 1000, 1005 (9th Cir. 2006)).  When the words of a statute are unambiguous "'judicial inquiry is complete.'"  Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)).  There is no ambiguity in the meaning of Section 1640(a)(1), which determines civil liability for any creditor who fails to comply with the requirements of Section 1641.  Any creditor that fails to comply with any requirement imposed under Section 1641(g)(1) only faces liability for "any actual damage sustained by such person as a result of the failure." See 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added).  As Defendants correctly argue, Plaintiff here has not demonstrated any actual damages related to Deutsche's failure to provide the notice of assignment required under Section 1641(g), thus Plaintiff fails to state a claim under TILA.

Additionally, Plaintiff appears to allege a violation of Article 3 of the UCC, thus requesting the Court's declaration of the contract as null and void. (Compl. ¶ 25.)  Plaintiff fails to cite any specific provision of the statute that was violated by Defendants, which is grounds for dismissal of the claim.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009);

Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[3] Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests. Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. For this reason, Plaintiff's UCC claim fails as well.

Finally, in Count III, Plaintiff asserts that "Deutsch and AHMS[] failed to uphold their contractual obligations." (Compl. ¶ 27.) Plaintiff fails to assert even the basic elements of a breach of contract claim, much less factual allegations supporting these claims. See Iqbal, 129 S. Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The Complaint fails to identify the contract at issue, the parties to the contract, whether Plaintiff performed under the contract,

---

[3]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

the particular provision of the contract allegedly violated by Defendants, and when and how Defendants allegedly breached the contract. See Otani v. State Farm Fire & Caves. Co., 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [] the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient.").

In sum, the Complaint, including only "labels and conclusions," fails to state a claim upon which relief may be granted and fails to provide Defendants notice of the bases of Plaintiff's claims against them. Accordingly, the Court GRANTS Defendants' Motion and DISMISSES WITHOUT PREJUDICE Counts I, II, and III of Plaintiff's Complaint.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 10), and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. However, the Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend his Complaint. Accordingly, Plaintiff is GRANTED leave to amend his Complaint and may file an amended Complaint no later than 30 days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice. Additionally, Plaintiff is advised that the amended complaint must

clearly state how each of the named Defendants have injured him, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2011.



David Alan Ezra
United States District Judge

Borowiec v. Deutsche Bank National Trust Company et al., Cv. No. 11-00094 DAE-KSC; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (3) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT