IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ADAM N. BOROWIEC, | ) | CV. NO. 11-00094 DAE-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICAN HOME MORTGAGE SERVICING INC; JOHN DOES 1–10; JANE DOES 1–10; DOE PARTNERSHIPS 1–10; DOE CORPORATIONS 1–10, AND DOE ENTITIES 1–10, | ) | |
| Defendants. | ) | |

ORDER DISMISSING ACTION

On February 9, 2011, Plaintiff Adam N. Borowiec ("Plaintiff") filed a Complaint against Defendants Deutsche Bank National Trust Company, American Home Mortgage Servicing, Inc., John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe Entities 1–10 (collectively, "Defendants") asserting claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Uniform Commercial Code, and state law. ("Compl.," Doc # 1.)

On July 19, 2011, the Court filed an Order: (1) Granting Defendants' Motion to Dismiss; (2) Dismissing Without Prejudice Plaintiff's Complaint; and (3) Granting Plaintiff Leave to Amend the Complaint. (Doc. # 29.) The Court granted Plaintiff leave to amend his Complaint no later than thirty days from the filing date of the July 19, 2011 Order. (Id. at 10.)

Plaintiff was expressly notified that failure to timely file an amended complaint correcting the noted defects in his complaint would result in dismissal of his action for failure to state a claim. (Id.) Despite the Court's directive, Plaintiff still has not filed an amended complaint.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002)

(discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id., 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

I.  Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiff that he must file an amended complaint within 30 days of the filing of the July 19, 2011 Order, or risk dismissal of the action with prejudice. See (Doc. #29 at 10). Plaintiff's failure to do so hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to litigate this action diligently. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Thus, these two factors favor dismissal.

## II. Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiff offers no excuse or explanation for his failure to file an amended complaint. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92.

## III. Availability of Less Drastic Alternatives

The Court attempted to avoid outright dismissal of this action by giving Plaintiff thirty days leave to amend. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Plaintiff's failure to meaningfully participate in his own litigation.

## IV. Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is the responsibility of the moving party to prosecute the action at a reasonable pace, however, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.

1991). Plaintiff has failed to discharge his responsibility to prosecute this action despite the Court's express warning about the possibility of dismissal. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiff's failure to file an amended complaint.

The Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

These exceptions do not apply here and this dismissal is with prejudice. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citation omitted).

## CONCLUSION

For the aforementioned reasons, the Court DISMISSES this action.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 24, 2011.

_____
David Alan Ezra
United States District Judge

Borowiec v. Deutsche Bank National Trust Company et al., Cv. No. 11-00094 DAE-KSC; ORDER DISMISSING ACTION